**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1587**

_____

In Re:  DARNELL E. ROSS,

                    Petitioner.

_____

On Petition for Writ of Mandamus.

_____

Submitted:  May 28, 2010                    Decided:  May 28, 2010

_____

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Darnell E. Ross, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner has filed a motion for leave to proceed in forma pauperis and a pro se petition for writ of mandamus purportedly pursuant to the Crime Victim's Rights Act, 18 U.S.C. § 3771.

The Crime Victim's Rights Act affords to victims of crime the rights to receive notice of court proceedings, to be heard at court proceedings, to confer with government counsel, to receive restitution, to be free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). The Act provides that these rights shall be asserted in the district court and that "[i]f the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus." 18 U.S.C. § 3771(c)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." Id. Furthermore, "[i]f the court of appeals denies the relief sought, the reasons for the denial shall be clearly stated on the record in a written opinion." Id.

Petitioner Ross moves for relief from his state court sentence for abduction with intent to defile on the ground that his sentence was greater than that prescribed by the state legislature for this crime.

The statutory provision for expedited mandamus review of a district court's denial of rights asserted under 18 U.S.C. § 3771(a) has no application to the claims asserted by Ross. Ross's claims are attacks on the legality of his confinement, which may be raised on direct appeal in state court, in state post-conviction proceedings, or potentially in federal district court in a petition for writ of habeas corpus. He has not been denied any rights under 18 U.S.C. § 3771(a) which could form the basis for a mandamus petition to this Court.

Accordingly, the Court denies the motion to proceed in forma pauperis as moot, and dismisses this mandamus petition.

PETITION DISMISSED

3